IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DARLEEN DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-3122 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSION OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

The Court, having considered the Stipulation to Remand Under the Fourth Sentence of 42 U.S.C. § 405(g), now ORDERS that this case be remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). On remand, Plaintiff may submit additional evidence, and the administrative law judge (ALJ) will hold a new hearing and issue a new decision. The ALJ will reevaluate the State agency physicians' objections. If the ALJ rejects any portion of an opinion, the ALJ will provide good reasons in accordance with 20 C.F.R. § 416.927. The ALJ

will also reconsider the evidence concerning Plaintiff's limitation of social functioning and concentration, persistence and pace, identify specific work-related limitations that flow from those deficiencies, and provide a rationale for identifying such work restrictions.  The ALJ will also consider Plaintiff's need to use a cane.  If the ALJ finds that the cane use is unnecessary, the ALJ will provide a rationale for such conclusion.  If necessary and appropriate, the ALJ will obtain further testimony from a vocational expert concerning the existence of jobs Plaintiff can perform and, if necessary and appropriate, employ a framework analysis at Step Five of the sequential evaluation process in accordance with Social Security Ruling 83-12 and 83-14.  The pending Motion for Summary Judgment [7] is DENIED AS MOOT.  CASE CLOSED.

ENTER: January 8, 2013

FOR THE COURT:

                                                s/Sue E. Myerscough
                                                SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE